**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4721**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARRIN LAMONT DENNIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00078-NCT-1)

Submitted:  March 14, 2019                Decided:  March 18, 2019

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrin Lamont Dennis appeals the 24-month, within-policy statement range sentence imposed after the district court revoked his supervised release. Dennis' sole argument on appeal is that his sentence is plainly unreasonable because, since he was allegedly wrongfully deprived credit for overserving time on his underlying conviction, the district court was required to impose a downward variant revocation sentence. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [Sentencing G]uidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)).

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *See Slappy*, 872 F.3d at 207. In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature

2

of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39. Thus, a revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors. *See United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" i.e., "clear" or "obvious." *Slappy*, 872 F.3d at 208 (internal quotation marks and alteration omitted).

Applying these standards, we conclude that Dennis' sentence is not plainly unreasonable. The district court considered the parties' arguments, allowed Dennis to allocute, and explained the selected sentence in terms of revocation-relevant statutory factors. We reject Dennis' argument that the district court was required to impose a variant sentence because Dennis was unable to have his sentence credited based on overservice for his underlying conviction. *Cf. United States v. Johnson*, 529 U.S. 53, 60 (2000) (holding that, while overservice of a sentence should be considered when determining whether supervised release should be modified or terminated early, 18 U.S.C. § 3583(e) (2012) does not "by its own operation, . . . reduce the length of a supervised release term"). Because Dennis has failed to rebut the presumption of reasonableness this court affords his within-policy statement range sentence, his sentence will not be disturbed.

3

Based on the foregoing, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*